# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY<br>440 Lincoln Street<br>Worcester, Massachusetts 01605<br><br>and<br><br>HANOVER AMERICAN INSURANCE COMPANY<br>440 Lincoln Street<br>Worcester, Massachusetts 01605<br><br>    *Plaintiffs*<br><br>v.<br><br>ST. JOHN PROPERTIES, INC.<br>2560 Lord Baltimore Drive<br>Baltimore, Maryland 21244<br><br>    Serve on:<br>    Richard E. Levine, Esquire<br>    DLA Piper Rudnick Gray Cary<br>    US LLP<br>    6225 Smith Avenue<br>    Baltimore, Maryland<br><br>NAJOLES INVESTORS, LLC<br>5720 Executive Drive<br>Beltway West Corporate Center<br>Baltimore, Maryland 21228<br><br>    Serve on:<br>    Lawrence F. Maykrantz<br>    5720 Executive Drive<br>    Beltway West Corporate Center<br>    Baltimore, Maryland 21228<br><br>LAWRENCE SULLIVAN<br>13300 Kilmarnock Way, Apt. 0<br>Germantown, Maryland 20874 | Civil Action No. _____ |

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY<br>15 Mountain View Road<br>Warren, New Jersey 07059 | *<br>*<br>* |
|     Serve on:<br>    Maryland Insurance Administration<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, MD 21202 | *<br>*  |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br>One Tower Square<br>Hartford, Connecticut 06183 | *<br>*<br>* |
|     Serve on:<br>    Maryland Insurance Administration<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, MD 21202 | *<br>*  |
| and | * |
| THE CONTINENTAL INSURANCE COMPANY<br>333 S. Wabash Avenue<br>Chicago, Illinois 60604 | *<br>*<br>* |
|     Serve on:<br>    Maryland Insurance Administration<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, MD 21202 | *<br>* |
|     *Defendants* | * |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiffs Massachusetts Bay Insurance Company and Hanover American Insurance Company (collectively "Hanover") file this Complaint for Declaratory Judgment and states:

## NATURE OF ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 for the purpose of determining questions in actual controversy between Hanover and Defendants concerning the rights, duties and obligations of the parties to certain policies of insurance issued by Hanover as set forth in detail below.

## PARTIES

2. Massachusetts Bay Insurance Company ("Massachusetts Bay") is a corporation organized and existing under the laws of New Hampshire, with its principal place of business in Worcester, Massachusetts.

3. Hanover American Insurance Company ("Hanover American") is a corporation organized and existing under the laws of New Hampshire, with its principal place of business in Worcester, Massachusetts.

4. Najoles Investors, LLC ("Najoles") is a limited liability company organized and existing under the laws of Maryland, with its principal place of business located in Baltimore, Maryland. Najoles conducts business and may be served with process in Maryland via its registered agent, Lawrence F. Maykrantz, 5720 Executive Drive, Beltway West Corporate Center, Baltimore, MD 21228-1789. Upon information and belief, none of Najoles' members are citizens of New Hampshire or Massachusetts.

5. St. John Properties, Inc. ("St. John") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located in Baltimore, Maryland. St. John conducts business and may be served with process in Maryland via its registered agent, Richard E. Levine, Esquire, DLA Piper Rudnick Gray Cary US LLP, 6225 Smith Avenue, Baltimore, MD 21209.

6. Lawrence Sullivan is a citizen of the State of Maryland who may be served at his residence located at13300 Kilmarnock Way, Apt. 0, Germantown, MD.

7. Chubb Custom Insurance Company ("Chubb") is a corporation organized under the laws of New Jersey with its principal place of business located in New Jersey. Chubb conducts business and may be served with process in Maryland via the Maryland Insurance Commissioner.

8. Travelers Property Casualty Company of America ("Travelers") is a corporation organized under the laws of Connecticut with its principal place of business located in Connecticut. Travelers conducts business and may be served with process in Maryland via the Maryland Insurance Commissioner.

9. The Continental Insurance Company ("CNA") is a corporation organized under the laws of Pennsylvania with its principal place of business in Illinois. CNA conducts business and may be served with process in Maryland via the Maryland Insurance Commissioner.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the insurance policies at issue in this action were issued in this District and the parties all conduct business in this District.

**THE HANOVER POLICIES**

12. Hanover issued the following policies to St. John (collectively referred to as the "Hanover Policies"):

    a. policy number RDQ 9798810 00, effective December 16, 2012 to December 16, 2013, a copy of which is attached hereto as Ex. A;

    b. policy number RDQ 9798810 01, effective December 16, 2013 to December 16, 2014, a copy of which is attached as Ex. B;

    c. policy number RDQ 9798810 02, effective December 16, 2014 to December 16, 2015, a copy of which is attached hereto as Ex. C;

    d. policy number RDQ 9798810 03, effective December 16, 2015 to December 16, 2016, a copy of which is attached hereto as Ex. D; and

    e. policy number RZ Q 9798819 04, effective December 16, 2016 to December 16, 2017, a copy of which is attached hereto as Ex. E.

13. Najoles is a named insured on each Hanover Policy.

14. The Commercial General Liability Coverage form contains the following coverage grant:

> **A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. INSURING AGREEMENT**
>
> a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under the policy.
>
> HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

We may, at our sole discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1) The amount we will pay for damages is limited as described in Section III.  LIMITS OF INSURANCE; and
(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGES A or B or medical expenses under COVERAGE C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS—COVERAGES A AND B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";  and
(2)  The "bodily injury" or "property damage" occurs during the policy period; and
(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
(2) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur;
(3) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

15. The Hanover Policies each contain the Fungi or Bacteria exclusion endorsement, form CG 21 67 12 04. It provides, in pertinent part, as follows:

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2., Exclusions of Section I – Coverage A - Bodily Injury and Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.
***
**C.** The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

## THE OTHER POLICIES

16.     Chubb issued Environmental Liability Policy number 37314229, effective December 23, 2017 – December 17, 2017 to St. John (the "Chubb Policy").

17.     Travelers issued policy number Y-630-4051B196-TIL-11, effective December 16, 2011 to December 16, 2012, to St. John (the "Travelers Policy").

18.     Najoles is an insured on the Chubb and Travelers Policies.

19.     CNA issued Excess and Umbrella Liability policy number 4031118433, effective December 16, 2012 to December 16, 2017, to St. John.

## THE UNDERLYING LAWSUIT

20.     Lawrence Sullivan filed a Complaint against St. John and Najoles in the Circuit Court for Baltimore City on or about October 27, 2017, in the action styled *Lawrence Sullivan v. St. John Properties, Inc. et al*, Case No. 24-C-17-003289 (the "Underlying Lawsuit").

21.     The Underlying Lawsuit was transferred to the Circuit Court for Anne Arundel County, Case No. C-02-CV-17-003383, and an Amended Complaint was filed on December 12, 2018. A true and correct copy of the Amended Complaint is attached hereto as Exhibit F.

22.     The Amended Complaint, which contains one count for Negligence-Premises Liability, alleges that Plaintiff, a dispatcher for Comcast Corporation, was exposed to "dust, mold and environmental antigens" at 253 Najoles Road (the "Millersville Property"), a property leased by Comcast from Najoles and managed by St. John.

23.     The Amended Complaint alleges that the Millersville Property, where he began working in 2012, "has been in a defective and unsafe condition due to the presence of dust, mold and environmental antigens."

24. The Amended Complaint alleges that as a result of his exposure to dust, mold and environmental antigens at the Millersville Property, Plaintiff contracted Interstitial Lung Disease and has been advised by his surgeon that he may need a lung transplant.

25. St. John and Najoles tendered the Underlying Action to Hanover, Travelers and Chubb for a defense and indemnity.

26. Hanover agreed to defend Najoles and St. John pursuant to reservation of rights.

### COUNT I – DECLARATORY JUDGMENT

27. Hanover incorporates by reference the allegations in paragraphs 1 through 26 as if set forth fully herein.

28. The Hanover Policies' Fungi or Bacteria exclusion precludes coverage for injury or damage that "would not have occurred, in whole or in part, but for the actual, alleged or threatened…contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."

29. The Hanover Policies define fungi as "any type or form of fungus, including mold, mildew any mycotoxins, spores, scents or byproducts produced or released by fungi."

30. The Amended Complaint alleges that Plaintiff was injured due to exposure to "dust, mold and other antigens."

31. Hence, the Fungi or Bacteria exclusion precludes coverage for the claims asserted in the Underlying Lawsuit.

32. Because the losses alleged in the Underlying Lawsuit are excluded under the Hanover Policies, Hanover has no duty to defend or indemnify St. John or Najoles in connection with the Underlying Lawsuit.

33. To the extent the Court determined that there is coverage for the loss under the Hanover Policies, there is a question as to how defense costs and covered damages, if any, are to be allocated among the various policies issued to St. John and Najoles.

34. Because of the uncertainty created by the insurance disputes among the parties, a declaratory judgment is necessary in order to resolve the dispute, end the uncertainties, and declare the rights of all parties.

WHEREFORE, Hanover prays for the following relief:

That this Court declare the rights, duties and obligations of the parties;

A. That this Court declare that the losses alleged in the Underlying Lawsuit are excluded under the Hanover Policies and Hanover has no duty to defend or indemnify St. John Properties, Inc., Najoles Investors, LLC or any other party in connection with the Underlying Action;

B. Alternatively, that the Court declare Hanover's percentage share of defense costs and any covered damages; and

C. That this Court enters other and further relief deemed just and proper.

                                              /s/
                                Steven E. Leder (Bar I.D. No. 00377)
                                Julie F. Maloney (Bar I.D. No. 26252)
                                Leder & Hale P.C.
                                401 Washington Avenue, Suite 600
                                Baltimore, Maryland 21204
                                443-279-7900
                                leder@lederhale.com
                                maloney@lederhale.com

                                *Attorneys for Plaintiffs Hanover American Insurance*
                                *Company and Massachusetts Bay Insurance Company*